UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARYL DE KECZER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TETLEY USA, INC., <br><br> Defendant. | Case No.: 5:12-CV-02409 EJD <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> **[Re: Docket No. 22]** |

Plaintiff Daryl De Keczer ("Plaintiff") filed this putative class action against Defendant Tetley USA Inc. ("Defendant"). Plaintiff alleges that labeling on several of Defendant's food products and corresponding statements on Defendant's websites amount to misbranding and deception in violation of California and federal laws and regulations. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. See Docket Item No. 22. Having fully reviewed the parties' papers, the Court will grant Defendant's Motion.

**I.    Background**

Plaintiff, a California resident, states that since 2008 she spent more than $25.00 purchasing Defendant's "tea products." See Am. Compl. 1, ¶ 18, Docket Item No. 21. Plaintiff argues that Defendant makes unlawfully misleading "antioxidant, nutrient content, and health claims" both on

1

Case No.: 5:12-CV-02409 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

the labeling of these products and its website. See, e.g., Id. ¶¶ 7, 15, 72. Plaintiff alleges that she read and relied on these labels when deciding to purchase the products. Id. ¶¶ 139–40.

On August 13, 2012, Plaintiff filed the Amended Class Action Complaint on behalf of herself and a putative class she defines as follows: "All persons in California who purchased Defendant's tea products including but not limited to its (1) Classic Blend Black Tea, (2) British Blend Black Tea, (3) Pure Green Tea, (4) Iced Tea Blend Tea, and/or (5) Iced Tea Mix." See id. ¶ 149. In the Amended Complaint, Plaintiff brings forth the following causes of action: violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (counts 1–3); violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq. (counts 4–5); violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq. (count 6); restitution based on unjust enrichment or quasi-contract (count 7); and breach of warranty in violation of the Song-Beverly Act, Cal. Civ. Code § 1790 et seq. (count 8) and the Magnuson-Moss Act, 15 U.S.C. § 2301 et seq. (count 9).

Under California's Sherman Food, Drug, and Cosmetic Laws, the federal labeling requirements are adopted as the food labeling requirements of the state of California. See Cal. Health & Safety Code § 110100(a) ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state."). The state laws also point to the adoption of specific federal provisions as the parallel state labeling requirements. See, e.g., id. § 110665 ("Any food is misbranded if its labeling does not conform with the requirements for nutrition labeling as set forth in Section 403(q) (21 U.S.C. Sec. 343(q)) of the federal act and the regulations adopted pursuant thereto. Any food exempted from those requirements under the federal act shall also be exempt under this section."). As such, Plaintiff argues that violations of the federal laws and regulations—namely the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq. as amended by the Nutrition Labeling and Education Act ("NLEA")—would amount to violations of the identical California state requirements.

2
Case No.: 5:12-CV-02409 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## II. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Initially, all a complaint needed was to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). But the Supreme Court in recent years has made clear that the pleader also needs to show "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, a complaint now needs to allege enough facts with enough specificity such that, if true, they would "raise a reasonable expectation that discovery" would actually evince the particular violations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The factual allegations must be sufficiently specific "to raise a right to relief above the speculative level," such that each claim "is plausible on its face." Twombly, 550 U.S. at 556–57.

When weighing the complaint's sufficiency at the motion-to-dismiss stage, courts generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Courts also generally assume each allegation is true. But they "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Fraud-based claims are subject to further heightened pleading requirements under Federal Rule of Civil Procedure 9(b). A party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Allegations of fraud must specify "'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was

made." Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

### III. Discussion

#### A. Warranty Claims

The Song-Beverly Consumer Warranty Act ("SBCWA") provides a private right of action for buyers of consumer goods for express or implied warranty violations. Cal. Civ. Code § 1794. The SBCWA defines "consumer goods" as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for … consumables," id. § 1791(a) (emphasis added), and defines "consumables" as "any product that is intended for consumption by individuals, or use by individuals for purposes of personal care or in the performance of services ordinarily rendered within the household, and that usually is consumed or expended in the course of consumption or use." Id. § 1791(d). The Court finds that the products at issue here—apparent food products—fall under this definition of "consumables."

Plaintiff does not dispute that the products at issue here are consumables under the SBCWA and would therefore be excepted from section 1794. See Am. Compl. ¶ 228 ("Defendant's food products are 'consumables' as defined by Cal. Civ. Code § 1791(d).") Rather, Plaintiff appears to argue that the product labels constitute express warranties and that the products in question therefore fall under the provisions of sections 1793.35, which provides for the enforcement of express warranties on consumables. The Court rejects this argument because food labels, like the ones at issue, do not constitute express warranties against a product defect. See Astiana v. Dreyer's Grand Ice Cream, Inc., No. C-11-2910 EMC, C-11-3164 EMC, 2012 WL 2990766, at *3 (N.D. Cal. July 20, 2012); Jones v. ConAgra Foods, Inc., -- F. Supp. 2d --, No. C 12-01633 CRB, 2012 WL 6569393, at *12–13 (N.D. Cal. Dec. 17, 2012). Labels on product packaging and websites are "product descriptions rather than promises that [a food product] is defect-free, or guarantees of specific performance levels." Hairston v. S. Beach Beverage Co., No. CV 12-1429-JFW, 2012 WL

1893818, at *6 (C.D. Cal. May 18, 2012) (internal quotation marks omitted). Accordingly, the Court finds that the Amended Complaint fails to state a claim for a violation of the SBCWA.

The Magnuson-Moss Warranty Act ("MMWA") creates a civil cause of action for consumers to enforce the terms of written warranties. 15 U.S.C. § 2310(d). Similar to Plaintiff's argument for the applicability of the SBCWA, she contends that the labeling on the products at issue constitutes an express warranty. Having found the contrary under the guidance of Astiana and ConAgra Foods, the Court rejects this argument and finds that Plaintiff fails to state a claim for a violation of the MMWA.

Accordingly, the Court dismisses Plaintiff's claims based on violations of the SBCWA and the MMWA (counts 8 and 9).

### B. Sufficiency of the Pleadings

The Court now turns to whether the remaining claims are sufficient to withstand Defendant's motion in light of the pleading standards set forth in the Federal Rules of Civil Procedure. As an initial matter, the Court notes that the heightened Rule 9 pleading standard applies to claims for false or deceptive advertising brought under the UCL, FAL, and CLRA. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); see also Herrington v. Johnson & Johnson Consumer Cos., No. C 09-1597 CW, 2010 WL 3448531, at *7 (N.D. Cal. Sept. 1, 2010) (subjecting UCL, FAL, and CLRA claims that "sound in fraud" to the heightened Rule 9 pleading standards). Because Plaintiff's remaining claims involve allegations of fraudulent conduct, deception, or misrepresentation, the Rule 9 pleading standard applies to the Amended Complaint. See Jones v. ConAgra Foods, Inc., 912 F. Supp. 2d 889, 899 (N.D. Cal. 2012) (applying the heightened Rule 9 pleading standard to the complaint in a similar suit); Colucci v. ZonePerfect Nutrition Co., No. 12-2907-SC, 2012 WL 6737800, at *8–9 (N.D. Cal. Dec. 28, 2012) (same). As such, Plaintiff is required to aver with particularity the specific circumstances surrounding the alleged mislabeling that gives rise to her claims. Plaintiff must state with clarity the "'who, what, when, where, and how'" of the fraudulent conduct, Vess, 317 F.3d at 1106, and provide an

5
Case No.: 5:12-CV-02409 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

unambiguous account of the "'time, place, and specific content of the false representations,'" Swartz, 476 F.3d at 764.

Throughout the Amended Complaint, Plaintiff uses the term "Misbranded Food Products." This term is the foundation of Plaintiff's several claims, appearing no less than eighty times in the Amended Complaint. Plaintiff defines the term in the Amended Complaint's introduction:

> Plaintiff brings this action on behalf of a class of California consumers who purchased Defendant's tea products including but not limited to its (1) Classic Blend Black Tea, (2) British Blend Black Tea, (3) Pure Green Tea, (4) Iced Tea Blend Tea, and/or (5) Iced Tea Mix Tea ("Misbranded Food Products") within the last four years.

Am. Compl. 1 (emphases added). Rather than consisting of finite and particular tea products, "Misbranded Food Products" purports to encapsulate an open-ended class of these products. While Plaintiff does list specific and particular tea products produced by Defendant, the above-quoted sentence states that the term "Misbranded Food Products" is "not limited to" those products. Therefore, "Misbranded Food Products" does not solely and entirely refer to specific and particular products. Further obfuscating matters is Plaintiff's enumeration of exactly three products that she claims to have purchased. Id. ¶ 138. The three enumerated products are "British Blend, Premium Black Tea and Green Tea." Id. This listing does not precisely mirror the description of the "Misbranded Food Products," which includes, but is not limited to "(1) Classic Blend Black Tea, (2) British Blend Black Tea, (3) Pure Green Tea, (4) Iced Tea Blend Tea, and/or (5) Iced Tea." Id. at 1. The placement of the ambiguous assertion that Plaintiff purchased a non-definite group of products alongside the enumerated list adds another layer of ambiguity and confusion as to precisely which products Plaintiff purchased.

Applying the Rule 9 pleading standard, the Court finds that the Amended Complaint does not provide a clear and unambiguous account of the allegedly fraudulent, deceptive, misrepresentative, or otherwise unlawful statements. The Amended Complaint fails to unambiguously specify the particular products that have violated particular labeling requirements. The Amended Complaint contains the same deficiencies as did the pleadings in similar food product labeling lawsuits that were recently dismissed by this Court. See Maxwell v. Unilever

6
Case No.: 5:12-CV-02409 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

U.S., Inc., No. 5:12-CV-01736-EJD, 2013 WL 1435232 (N.D. Cal. Apr. 9, 2013) (dismissing the fraud-related mislabeling claims for failure to meet the Rule 9 specificity and particularity standards); Thomas v. Costco Wholesale Corp., No. 5:12-CV-02908-EJD, 2013 WL 1435292 (N.D. Cal. Apr. 9, 2013) (same). Like in those cases, here, Defendant—as well as the Court—would have to draw its own inferences about the products at issue and alleged mislabeling based on the equivocal assertions contained in the Amended Complaint. Drawing such inferences about the particular misconduct that is alleged to constitute fraud, deception, or misrepresentation is something the heightened Rule 9 pleading standard seeks to avoid. See Semegen, 780 F.2d at 731.

As such, the Court finds that Plaintiff's claims have not been sufficiently pled so as to meet the heightened Rule 9 pleading standard. The Court will accordingly dismiss the remaining seven claims.

### IV. Conclusion and Order

For the foregoing reasons Defendant's Motion to Dismiss is GRANTED. Plaintiff's breach of warranty claims predicated on violations of the SBCWA (count 8) and the MMWA (count 9) are DISMISSED WITH PREJUDICE. The remaining of Plaintiff's claims (counts 1–7) are DISMISSED WITHOUT PREJUDICE.

If Plaintiff wishes to further amend her complaint, the Court orders that it be pled in compliance with the pleading standards of Rules 8 and 9 and filed within 15 days of the date of this Order.

Because the Amended Complaint is presently dismissed in its entirety, the Court declines to set a case management schedule at this time. However, the Court will address scheduling issues as raised by the parties should it become necessary.

**IT IS SO ORDERED.**

Dated: August 16, 2013

EDWARD J. DAVILA
United States District Judge

7

Case No.: 5:12-CV-02409 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS