UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARYL DE KECZER,<br><br>    Plaintiff,<br><br>v.<br><br>TETLEY USA, INC,<br><br>    Defendant. | Case No. 5:12-cv-02409-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 80 |

Presently before the Court is Daryl de Keczer's ("Plaintiff" or "de Keczer") Motion for Leave to File a Fourth Amended Complaint ("Motion"). See Dkt. No. 80. The Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Having fully reviewed the parties' briefing, and for the following reasons, the Court DENIES Plaintiff's Motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Daryl de Keczer filed this putative class action against Defendant Tetley USA Inc. ("Defendant" or "Tetley") alleging that Tetley has made, and continues to make, false and deceptive claims on its misbranded packaged food products in violation of federal and California laws. See Dkt. No. 1.

Tetley claims on its labeling package that its product is an "excellent source of natural

antioxidants." See Dkt. No. 59 at 3. Plaintiff alleges that this violates nutrient content labeling regulations mandated by federal and California law which limit such labels to products that contain, per serving, at least 10% of the DRV of any one antioxidant. Tetley also claims its product is the "smart choice for your healthy lifestyle." See id. Plaintiff alleges Tetley's products do not have approval from FDA to make health related claims. See id. Plaintiff argues that this claim violates 21 U.S.C. § 352(f)(1) and as such, the Tetley products are misbranded. See id.

Defendant denies that any laws were violated and contends that Plaintiff's claims lack merit. See id. Specifically, Defendant alleges that Plaintiff lacks Article III standing to bring claims for products he did not purchase and statements he did not see and rely upon. See id.

Plaintiff filed a Class Action Complaint on May 11, 2012. See Dkt. No. 1. The Complaint included a claim for "Restitution Based on Unjust Enrichment/Quasi-Contract." Id. On July 23, 2012, Defendant filed a motion to dismiss. See Dkt. No. 14. Among other things, Defendant argued that Plaintiff's unjust enrichment claim failed as a matter of law and was superfluous given the other claims in the case. Id. On August 13, 2012, Plaintiff filed an Amended Complaint again stating a claim for "Restitution Based on Unjust Enrichment/Quasi-Contract." See Dkt. No. 21. Defendants again moved to dismiss. See Dkt. No. 22.

On August 16, 2013, the Court granted Defendants' motion to dismiss. See Dkt. No. 47. The Court dismissed Plaintiff's breach of warranty claims with prejudice and dismissed the remaining claims, including the unjust enrichment claim, with leave to amend. Id. The Court ordered Plaintiff to file any amended claims "within 15 days." Id.

Thereafter, Plaintiff filed a Second Amended Complaint ("SAC") on September 3, 2013, and a Third Amended Complaint ("TAC") on September 15, 2014. See Dkt. Nos. 48, 72. Both Plaintiff's Second Amended Complaint and Third Amended Complaint did not include a formal claim for unjust enrichment. See Dkt. Nos. 71, 72. Defendant filed a Motion to Dismiss the Second Amended Complaint on October 18, 2013. See Dkt. No. 54. Defendant answered the Third Amended Complaint on October 17, 2014. See Dkt. No. 75. Presently before the Court is Plaintiff's motion for leave to amend. See Dkt. No. 80.

2
Case No.: 5:12-cv-02409-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

## II. LEGAL STANDARD

Most motions to amend the pleadings are initially subject to the liberal standard for amendments contained in Federal Rules of Civil Procedure 15. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). But here, the court-imposed deadline for amendments to the pleadings expired before this motion was filed. As such, Plaintiff's motion is preliminarily governed by Rule 16 rather than Rule 15. Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-608 (1992).

Under Rule 16, Plaintiff must initially demonstrate sufficient "good cause" to modify the scheduling order so as to allow for the late amendments. See id.; see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If, and only if, the requisite good cause is shown, the court then turns to an examination of the relevant factors under Rule 15. Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal 2008); Johnson, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end.").

## III. DISCUSSION

In examining this matter, the Court must be mindful of what can constitute "good cause" under Rule 16. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (internal quotations omitted). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

Having considered the positions of both parties, Plaintiff has not met its burden under Rule 16. First, the Court granted Plaintiff leave to amend his claim for unjust enrichment when it was

dismissed, but Plaintiff failed to do so within the 15 days afforded by the Court's order. See Dkt. No. 47 at 7. Plaintiff elected not to file an amended claim within that time and omitted a claim for unjust enrichment from the subsequent Second Amended Complaint and Third Amended Complaint. Instead, more than 18 months later, and without any reasonable explanation for the delay, Plaintiff now seeks leave to re-plead the unjust enrichment claim. Due to the lapse in time and absent a formal claim for unjust enrichment in subsequent pleading, the unjust enrichment claim has been waived. See Lacey v Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Second, Plaintiff simply seeks an order permitting the filing of the amended complaint without moving for relief under Rule 16 or demonstrating that the Rule's requirements are met. Johnson, 975 F.2d at 975. As such, Plaintiff's motion is procedurally defective.

Finally, even were the Court to consider the motion as a de facto motion pursuant to Rule 16, Plaintiff has failed to demonstrate good cause to permit amendment of the complaint. Here, Plaintiff's requested amendment pertains to facts that it was well-aware of at the time of the filing of the Second Amended Complaint and Third Amended Complaint. See Dkt. Nos. 48, 72. This case has been pending for almost three years. Despite the ample time and opportunities, Plaintiff offers no explanation for not seeking leave to amend before it filed the Second or Third Amended Complaint. Under such circumstances, Plaintiff has not demonstrated the requisite diligence.

### IV.   CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion for Leave to File a Fourth Amended Complaint is DENIED.

**IT IS SO ORDERED.**

Dated: July 10, 2015

EDWARD J. DAVILA
United States District Judge